## WADE NOBLIN v. STATE.

No. A-8154. Nov. 6, 1931.
Rehearing Denied Nov. 28, 1931.
(5 Pac. [2d] 187.)

S. H. Davis, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the county court of Okfuskee county of the unlawful transportation of intoxicating liquor, and his punishment fixed by the jury at a fine of $200, and imprisonment in the county jail for 120 days.

The evidence of the state was that the defendant was driving a Buick roadster in Okfuskee county, near the town of Okemah, and that Ira Moose was riding in the car with him; that it had been raining and the road was slippery; that defendant attempted to pass a car going in the same direction that he was; that defendant's car came in contact with the other car and was turned upside down in a ditch at the side of the road; that parties came and lifted up the car and defendant crawled out from under the wheel; that while Ira Moose was talking with the people gathered around, defendant broke a lot of bottles containing whisky; that defendant and Moose left the car and went to the Hinderliter Tool Company and got Dixie Helm to take the car and drive towards Henryetta; that the sheriff learned of the wreck and pursued this car, but that defendant and Moose were down out of sight in the car and the sheriff passed them; later, learning who they were riding with, he returned and pursued them, and on coming in sight of the car defendant and Moose abandoned the car and ran through the weeds and timber and were lost; that later they were arrested concealed in some weeds near a house in Henryetta; that defendant admitted the car was his; that the sheriff found a half-gallon fruit jar of whisky in the top of the car, and that there was whisky

poured all around the car and in the top; the sheriff identified the half-gallon jar, and it was offered in evidence.

Ira Moose was jointly charged with the defendant and pleaded guilty to the charge; testified that he had bought this car a few days before from the defendant, and that defendant knew nothing of the liquor being in the car.

Defendant, testifying for himself, said that he did not own the car, and that he did not know anything about the liquor; that he did not know whether he broke any of the liquor in the car and did not know why he fled from the officers. It was admitted that the title to the car was still in the name of the defendant, although he claimed to have sold it to Moose.

Defendant contends that this evidence is insufficient to support the verdict of the jury.

All of the facts and circumstances in the case establish the guilt of defendant beyond a reasonable doubt.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.